STATEMENT OF THE CASE.
“Item second. I give aud bestow upon my said trustees and the survivor of them the largest powers and discretion in taking charge of and managing my estate, and authorize them and the survivor to have, hold, direct, aud control the •aforesaid trust-property according to their or the suvivor’s best judgment, and to sell and dispose of the same, or any parts thereof, from time to time, subject only to the aforesaid trusts, and as freely as I myself could do if living; and also in all things to have the same powers, rights, privileges, benefits, advantages as I myself have, or might have if living, in all and any contracts, bargains, agreements, companies, or other compacts to which I am now or may become a. party.”
The complainants are the children of William A. Bradley, jr., mentioned in the will, and were all living at the date thereof, and at the time of the death of the testator. At the time of filing the bill they were respectively six, nine, and thirteen years of age. The said William A. Bradley, jr., died in March, 1869, and since then A. Thomas Bradley has acted as the sole trustee and executor of the estate. No *232 division of tlie estate of the testator into four parts, as directed by the will, has ever been made, nor has there been any allotment of the several shares to the devisees entitled thereto, and the whole property has remained undivided, and in common, with the consent of all the beneficiaries. William A. Bradley, jr., left a last will and testament, wherein he devised all his estate to his widow for life, upon condition that such devise should cease upon her intermarriage, and in that event she should take the same interest which she would take had he died intestate; and, subject to this devise to his widow, he devised all his estate to such of the complainants as might be living at her death or intermarriage. In the month of February, 1872, she intermarried with the defendant, Christopher C. Wolcott. Sidney Y. Edelin died without issue in the spring of 1870, and Jeannette H. Linton in the month of January, 1871, also without issue. The complainants now claim that by reason of the will of their father, and the marriage of their mother, and the death without issue of their aunts, they are entitled to three-fourths of the estate of their grandfather, the said William A. Bradley, in addition to the one-fourth devised to them directly by his will. Iu explanation of the right which they assert under the will, we here state the fourth paragraph of the bill in the absence of printed briefs:
It is averred that this deed was procured by fraud and for an inadequate consideration. This is denied in the answer by Mark Young, and a great body of testimony was taken on these points by both sides which it is not necessary to consider, as the decision turns upon the effect of the will, and not upon the proofs. The complainants adhere to the proposition that the sale and conveyance are null and void, because no power of sale was given to the trustees in respect of the share devised to their father or in respect to the share devised to them, and that the power of sale given by the will had relation exclusively to the trust-estates created for the benefit of the daughters, and that the death of these without issue had extinguished the trust-estates and vested the property thereof in the complainants, and that the conveyance, having been made before the estate was divided into four parts as directed by the will and after the death of both daughters without issue, was void for want of power in the surviving trustee to execute it.